Samuel H. SEYMOUR, Appellant,

v.

Vincent P. BARABBA, Director Bureau of the Census U.S. Department of Commerce, et al.

No. 76–1867.

United States Court of Appeals, District of Columbia Circuit.

Argued 23 March 1977.

Decided 7 June 1977.

Earl C. Dudley, Arlington, Va., for appellant.

Samuel H. Seymour and Robert A. Seefried, Washington, D. C., were on the brief, for appellant.

Michael Kimmel, Atty., Dept. of Justice, Washington, D. C., with whom Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees.

Before McGOWAN, ROBINSON and WILKEY, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The issue on this appeal is whether the names and addresses of private companies utilized by the Bureau of the Census in fulfilling its duties under the federal census laws [1] are specifically protected from disclosure by Exemption 3 of the Freedom of Information Act and the relevant provisions of the census laws. The District Court (Gesell, J.) found the material sought to be exempt from disclosure. We agree.

From the Bureau of the Census plaintiff sought the names and addresses of all companies falling within 21 of the Bureau's "standard industrial classifications," selected by plaintiff so as to encompass businesses whose principal occupation calls for the use of refined sugar. Plaintiff, a practicing attorney, desired the information to send notice to all potential class members in two treble damage antitrust actions. The Bureau declined to provide the requested information on the authority of 13 U.S.C. § 9 and 5 U.S.C. § 552(b)(3). The District Court upheld the Bureau's position, relying on its construction of Exemption 3 of the FOIA,[2] 13 U.S.C. §§ 8 and 9, and *FAA Administrator v. Robertson.*[3]

■ While we are in agreement with the District Court's action, we write this short opinion to affirm because Exemption 3 of the FOIA was amended subsequent to the

District Court's ruling, and, indeed, amended to nullify largely the Supreme Court's interpretation of Exemption 3 in *Robertson*, upon which the District Court relied.

The Freedom of Information Act originally provided, "(b) This section does not apply to matters that are—(3) specifically exempted from disclosure by statute." In *Robertson* the Supreme Court applied a broad interpretation of Exemption 3 to include a statute which granted an agency almost unlimited discretion to withhold documents. Apparently the Congress considered this construction would permit agencies to evade the broad disclosure purpose of the FOIA by reliance upon Exemption 3 and a host of statutes drawn prior to and without any consideration of the FOIA. The "Government in the Sunshine Act"[4] amended Exemption 3 of the FOIA, effective 12 March 1977, to read as follows:

(3) specifically exempted from disclosure by statute (other than § 552b of this Title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

Bearing the specific criteria of amended Exemption 3 in mind, we now turn to the specific statute on which the Census Bureau relies to preserve confidentiality and on which plaintiff relies (in addition to the general mandatory disclosure provisions of the FOIA) to permit disclosure.

13 U.S.C. § 9 provides:

(a) Neither the Secretary nor any other officer . . . may, except as provided in § 8 of this Title—(1) use the information furnished under the provisions of this Title for any purpose other than the statistical purposes for which it is supplied; . . .

We think that this statute is a clear and strongly worded prohibition against disclo-

---

1. 13 U.S.C. § 1 *et seq.*

2. 5 U.S.C. § 552(b)(3).

3. 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975).

4. Pub.L. 94–409, September 13 1976.

sure which would qualify under Exemption 3. It is a flat barrier to disclosure with no exercise of discretion permitted. It refers to the particular type of matter to be withheld, using rather all-embracing language for the description to be sure, but emphatically including "the information furnished under the provisions of this Title" and forbidding its use "for any purpose other than the statistical purposes for which it is supplied."

We are strengthened in our interpretation that the census statute prohibition against disclosure is indeed one specifically meant to be included within Exemption 3 by reference to the Congressional debates in both 1966, when the original FOIA was enacted, and in 1976, when the amended Exemption 3 was passed. In this court's opinion in *Robertson v. Butterfield* [5] Judge Fahy noted:

> During the debate of the Information Act on the floor of the House a question arose with respect to the application of Exemption (3) to information supplied to the Bureau of the Census under the statutory provisions requiring such information to remain confidential. 13 U.S.C. § 9 (1970). The Chairman of the House Subcommittee in charge of the legislation stated that the census information was within Exemption (3) as material "specifically exempted from disclosure by statute." 112 Cong.Rec. 1346 [13646] (1966). [6]

Thus, even under the less restricted, terser original version of Exemption 3, on which the District Court relied, census information was a prime example given as being the type of statute intended to be included within the exemption.

This was certainly further strengthened by the colloquy which took place ten years later when the amended and more restrictive Exemption 3 was passed:

> MR. McCLOSKEY: . . . If a statute, such as the Census Act, requires a

Census Administrator to keep all information secret, it will not be subject to disclosure.

. . . . .

> MS. ABZUG: . . . I want to reassure the gentleman . . . that the question of confidentiality of the Census . . . statute is protected under our present language [amending Exemption 3] . . . . .

Again, census information was foremost in the consideration of Congress to be protected.

The concern of Congress with the confidentiality of census data had been manifested some years earlier. After the Supreme Court in *St. Regis Paper Company v. United States* [7] held that census information was not immunized from legal process directed to copies of the census report retained by private businesses, quickly responding to the urgings of the Administration, and noting that general public assumptions of confidentiality of census data should be assured, Congress expressly overruled this holding. [8]

■ The plaintiff here views Section 9(a), emphasizes the words "information furnished under the provisions of this Title," and asserts that "there is no evidence that the names and addresses were furnished under the Census Act or for any statistical purposes." [9] It may be true that the names and addresses are acquired or supplied from sources other than the specific reporting establishments, but they are gathered by the Census Bureau; they are categorized and assembled for the Census Bureau purposes, and those sought represent all companies within 21 of the Bureau's "standard industrial classifications." It appears that the information as to names and addresses of reporting firms, or firms which the Census Bureau believes should

---

**5.** 162 U.S.App.D.C. 298, 498 F.2d 1031 (1974), *rev'd*, 422 U.S. 255, 95 S.Ct. 2140, 45 L.Ed.2d 164 (1975).

**6.** *Id.* at 1035.

**7.** 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1961).

**8.** 76 Stat. 922 (1962).

**9.** Appellant's Reply Brief at 5.

report data in certain categories, is sufficiently related to the statistical data which the firms eventually are called upon to report that it is protected under Section 9(a)(1). We think it clear that we do no violence to the statute, particularly the thrice emphatically expressed intent of Congress to protect census information, if we interpret the word "furnished" as "gathered" for ultimate statistical purposes. In that context, from whatever source the names and addresses were compiled by the Bureau, they were gathered for the Bureau's statistical purposes under the provisions of this Title.[10]

■ Nor does the cross-reference in Section 9(a) to Section 8(b) help plaintiff's cause. Section 8(b) says:

> Subject to the limitations contained in §§ 6(c) and 9 of this Title, the Secretary may furnish copies of tabulations and other statistical materials which do not disclose the information reported by, or on behalf of, any particular respondent, and may make special statistical compilations and surveys, for departments, agencies, and establishments of the Federal Government, . . . or the public and private persons and agencies, . . .

We interpret the reference here as to what the Secretary may furnish "private persons and agencies" as being tabulations and statistical materials of a numerical nature, not names and addresses of specific individuals or firms reporting data to the Census Bureau. While a list of names and addresses might be considered to be a "tabulation," yet this would be contrary to the usual understanding. Our understanding of a "tabulation" is a computation to ascertain the total of a column of figures, or perhaps counting the names listed in a certain group, rather than supplying the individual names and addresses. This interpretation is made even clearer by the reference in subsection 8(b) to "tabulations and other statistical materials."

10. We recognize, of course, that some of the information the Bureau acquires never becomes grist for its statistical mill, either because it is functionally unrelated (e. g., personnel records) or because it never merges into

We think the authority of the Secretary here to disclose is an authority to disclose numerical statistical data which does not identify any person, corporation, or entity in any way. Totals, perhaps subtotals and divisions by categories, but nevertheless merely numerical figures are within this meaning. Individual names and addresses are not.

In summary, we think the District Court was right in denying plaintiff access to the Census Bureau material, right both before the amendment to Exemption 3 of the FOIA and after the effective date of the amendment. Whichever way worded, the exemption covered the census data sought here.

*Affirmed.*

any information later furnished, as do the names in this case. We take no view on the applicability of 13 U.S.C. § 9 to information of these sorts.