644 F.2d 844
 William H. McNICHOLS, Jr., Individually and in his official
capacity as Mayor of the City and County of
Denver, et al., Plaintiffs-Appellees,
v.
Philip M. KLUTZNICK, in his official capacity as the
Secretary of the U. S. Department of Commerce, et
al., Defendants-Appellants.
 No. 80-2023.
 United States Court of Appeals,
Tenth Circuit.
 March 17, 1981.
 
 John F. Cordes, Civil Division, Dept. of Justice, Washington, D. C. (Alice Daniel, Asst. Atty. Gen., and Leonard Schaitman, Atty., Civil Division, Dept. of Justice, Washington, D. C., and Joseph F. Dolan, U. S. Atty. for the District of Colorado, Denver, Colo., with him on the briefs), for defendants-appellants.
 George J. Cerrone, Jr., Asst. City Atty., Denver, Colo. (Max P. Zall, City Atty. for the City and County of Denver, Denver, Colo., with him on the brief), Denver, Colorado, for plaintiffs-appellees.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 The action underlying this properly certified interlocutory appeal is a challenge to the population count reached by the Bureau of Census for the City of Denver, Colorado. The focal point of the litigation at this stage is the plaintiffs' charge that the Bureau has "over-counted" the number of vacant housing units in Denver. The plaintiffs, asserting their interests in the census count's effect on congressional representation and in various federal grants based on census figures, sought discovery of the Bureau's list of addresses of Denver's allegedly vacant housing units. The information sought by the plaintiffs is derived from the Bureau's questionnaire program and follow-up interviews. The Bureau resisted discovery because of the express prohibitions of 13 U.S.C. § 9(a) which provides:9. Information as confidential; exception
 
 
 2
 (a) Neither the Secretary, nor any other officer or employee of the Department of Commerce or bureau or agency thereof, may, except as provided in section 8 of this title
 
 
 3
 (1) use the information furnished under the provisions of this title for any purpose other than the statistical purposes for which it is supplied; or
 
 
 4
 (2) make any publication whereby the data furnished by any particular establishment or individual under this title can be identified; or
 
 
 5
 (3) permit anyone other than the sworn officers and employees of the Department or bureau or agency thereof to examine the individual reports.
 
 
 6
 No department, bureau, agency, officer, or employee of the Government, except the Secretary in carrying out the purposes of this title, shall require, for any reason, copies of census reports which have been retained by any such establishment or individual. Copies of census reports which have been so retained shall be immune from legal process, and shall not, without the consent of the individual or establishment concerned, be admitted as evidence or used for any purpose in any action, suit, or other judicial or administrative proceeding.
 
 
 7
 Notwithstanding the express language of the statute and the "emphatically expressed intent of Congress to protect census information," Seymour v. Barabba, 559 F.2d 806, 809 (D.C.Cir.1977), the district court:
 
 
 8
 ORDERED that the defendants shall produce the FARs[1] for the City and County of Denver to the plaintiffs, or the defendants may, alternatively, produce a list derived from the FARs which simply lists the addresses of those living units in the City and County of Denver which the Bureau has determined to have been vacant on April 1, 1980....
 
 
 9
 Record, vol. 1, at 37. The court's order tacitly acknowledged that it constituted an evasion of congressionally mandated confidentiality by directing that plaintiffs' personnel who received the address lists should be sworn to the same oath of secrecy and confidentiality as required by the personnel of the Bureau of Census and by otherwise limiting any further publication of the ordered information.
 
 
 10
 There can be no question that Congress has the power to make census information gathered at its direction immune from discovery. Both the history of the Census Act and the broad language of the confidentiality provisions of § 9 make abundantly clear that Congress intended both a rigid immunity from publication or discovery and a liberal construction of that immunity that would assure confidentiality. See Seymour v. Barabba, 559 F.2d 806 (D.C.Cir.1977).
 
 
 11
 The plaintiffs contend, however, that their request for a list of vacant housing units should be honored. The principal thrust of the plaintiffs' argument is that the information should be released because without it they cannot meaningfully challenge the Bureau's determination of Denver's population. Congress has neither made nor implied such an allowance in its prohibition and no authority is given for the notion that Congress is constitutionally required to yield to such an argument. The government has promised its citizens that census information will be kept confidential. 13 U.S.C. §§ 8(b), (c), 9(a). In exchange for and in reliance on this promise, citizens cooperate with the government's census taking efforts relatively free of inhibitions that might otherwise distort their disclosures. In these times when confidence in the government's resolve to keep its promises to its citizens is not notorious, we should not readily find excuses to abandon or prohibit the enforcement of those promises. We do not believe that in the face of the congressional prohibitions, the trial court has authority to substitute its own techniques for protecting the confidentiality mandated by the statute.
 
 
 12
 The plaintiffs also suggest several interpretations of § 9(a) that lend support to the district court's order. We do not believe that the statute permits us to conclude that the plaintiffs' intended use constitutes one of the "statistical purposes for which (the information sought) is supplied." 13 U.S.C. § 9(a)(1). Nor are we impressed that the word "publication" contained in 13 U.S.C. § 9(a)(2) should be so narrowly construed as to suggest it means only advertising the information in some press or broadcast media. The word obviously means disclosure to anyone other than those persons authorized in the statute itself.
 
 
 13
 The plaintiffs have argued that the information sought is not within § 9(a)'s ambit because it was not "furnished" by respondents. We do not think that the word "furnished" should be so narrowly construed, particularly in light of the provisions of § 8(b) which make clear that the prohibition is against the disclosure of "information reported by" respondents. The record clearly reflects that the information ordered released was disclosed by Census respondents.[2]
 
 
 14
 No doubt the cities and counties and their residents face difficult financial problems which may be substantially affected by the uses to which census data will be put. Their remedies, if any, must lie in some device other than devices expressly prohibited by a congressional exercise of constitutional authority. The order of the district court violates the provisions of 13 U.S.C. § 9 and must therefore be reversed.
 
 
 
 [1]
 FARs are "follow-up address registers" representing updated master address lists which include the Bureau's classification of housing units as either vacant or occupied
 
 
 [2]
 Plaintiffs have also argued that the challenge to the court's order is moot or that § 9's requirements have been waived because of some alleged breaches of the prohibitions of § 9 by Bureau employees in New Mexico. The record reveals that there is no merit to this argument